IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

KISHA K. MURRELL and JERRY L.   *
MURRELL,
                                        *
        Plaintiffs,
                                        *
vs.
                                        *  CASE NO. 7:05-CV-80 (CDL)
CARGILL MEAT LOGISTICS
SOLUTIONS, INC. f/k/a WISPAK   *
TRANSPORT, INC., and JAMES B.
SEXTON,                         *

        Defendants.           *
_____
                                        *
JOHNNY D. MOORE, JR.,
                                        *
        Plaintiff
                                        *  CASE NO. 7:05-CV-86 (CDL)
vs.
                                        *
CARGILL MEAT LOGISTICS
SOLUTIONS, INC. f/k/a WISPAK   *
TRANSPORT, INC., and JAMES B.
SEXTON,                         *

        Defendants.           *

O R D E R

Defendants in the above captioned lawsuits have filed motions for partial summary judgment on the issue of punitive damages. These two lawsuits arise from a single motor vehicle collision, and the facts giving rise to Plaintiffs' punitive damages claims are the same. Therefore, the Court addresses these motions in this single Order. For the following reasons Defendants' motions are granted.

BACKGROUND

Plaintiffs were allegedly injured in a collision involving a truck operated by Defendant James Sexton ("Sexton") while he was within the scope of his employment with Defendant Cargill Meat Logistics Solutions, Inc. ("Cargill"). Plaintiffs allege personal injury claims and claims for punitive damages. In support of their punitive damages claim, Plaintiffs contend that Defendant Sexton violated certain government regulations regarding driver fatigue, and that his employer, Cargill, disregarded its duty to make sure that driver fatigue rules were followed.[1]

DISCUSSION

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). "When a motion for summary judgment is made . . ., an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

---

[1] In a previous Order, this Court refused to take judicial notice of certain federal regulations. However, for purposes of the pending summary judgment motions and construing the evidence in favor of Plaintiffs, the Court does take judicial notice of the federal regulations that Plaintiffs contend Defendants violated.

2

Under Georgia law, clear and convincing evidence of a defendant's "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences" is required to authorize the imposition of punitive damages. O.C.G.A. § 51-12-5.1(b). "Negligence, even gross negligence, is insufficient to support such an award." *Bartja v. Nat'l Union Fire Ins. Co.,* 218 Ga. App. 815, 818 (1995), citing *Colonial Pipeline Co. v. Brown,* 258 Ga. 115, 118 (1988).

Construing the evidence in Plaintiffs' favor as required at this stage of the proceedings, the Court assumes for purposes of Defendants' motions that Defendant Sexton negligently caused the collision when he "fell asleep." The record also includes evidence that Sexton characterized the federal driver fatigue regulations as a "pain in the butt," and that he considered his employer's safety director to be a "safety moron." No evidence has been presented, however, to show that Sexton violated any driver fatigue regulations.[2] Furthermore, Plaintiffs have failed to produce any evidence that Defendant Cargill consciously disregarded any safety regulations. Plaintiffs' argument in support of punitive damages is based upon

---

[2] The driver logs could not be located and thus are unavailable. Plaintiffs argue that the absence of these records requires that the Court find that Defendants are guilty of spoliation of evidence and thus should determine that those records would have shown that Sexton failed to comply with the federal driver fatigue regulations. The Court finds, however, that Plaintiffs have failed to produce any evidence that Defendants intentionally destroyed those records or that they are otherwise guilty of spoliation. Accordingly, any negative inference based upon alleged spoliation would not be authorized.

3

speculation.  Rule 56 requires more to avoid summary judgment.  *See Bartja v. Nat'l Union Fire Ins. Co.,* 218 Ga. App. 815, 818 (1995).

Since Plaintiffs have failed to produce evidence from which a reasonable jury could conclude based upon clear and convincing evidence that Defendants engaged in conduct authorizing punitive damages under Georgia law, Defendants' motions for partial summary judgment are granted (Docs. 86 and 92).

IT IS SO ORDERED, this 7th day of February, 2007.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

4